BARBER *v.* UNITED STATES.

(*District Court, M. D. Alabama.*   November 23, 1887.)

1. UNITED STATES COMMISSIONERS—FEES — DRAWING COMPLAINTS — APPROVAL
   BY DISTRICT ATTORNEY.
       Where the United States district attorney examines and approves complaints
   drawn by a circuit court commissioner, the court will not reduce the commis-
   sioner's fees for the same on the ground that they were unnecessarily verbose,
   unless it appears that surplusage was inserted merely to increase fees.

2. SAME — SEVERAL COMPLAINTS AGAINST SAME PARTY UNDER SAME STATUTE.
       Where the commissioner, acting under instructions of the district attorney,
   draws complaints and issues warrants in more than one suit against the same
   party for violation of the same section of the statutes, he is entitled to fees
   in all the suits.

3. SAME—ACKNOWLEDGMENT OF RECOGNIZANCES.
       The commissioner is entitled to fees for acknowledgment of bonds in crim-
   inal cases, as the statute requires such acknowledgment, and fixes the fee at
   25 cents; and where the acknowledgments of the parties are taken separately
   he is entitled to a fee for each acknowledgment.

At Law. On demurrer to a petition for fees as circuit court commissioner, and upon the merits.

*Geo. H. Patrick*, for plaintiff.

*Geo. F. Moore*, Asst. U. S. Atty., for the United States.

BRUCE, J. This is a suit brought under the recent act of congress approved March 3, 1887. The complainant is a commissioner of the circuit court of the United States for the Middle district of Alabama, and charges that the amount sued for is due to him for services rendered by him as commissioner for and on behalf of the United States. He charges that the amount sued for was included in an account which, as such commissioner, he made against the United States, and which was verified by oath, and was duly presented to the district court of the United States for this district, for approval, and that such account was duly approved by the court, and transmitted to the proper accounting officer at Washington, and that the first comptroller of the treasury department disallowed a portion of his account so transmitted, as per his statements of differences which are submitted in the evidence in the cause. To the petition or complaint the district attorney of the United States for this Middle district of Alabama interposes a demurrer, and says that said accounts have been adjusted by the first comptroller of the United States treasury; and that the reasons that induced the first comptroller to disallow numerous items in said accounts are sufficient in law to sustain his action. It is not really claimed, and it cannot be maintained, that there is anything in the action of the first comptroller on the accounts in question which is in the nature of a bar to this suit. His action is not like the action of a court, and there is no element of *res adjudicata* in the action of an accounting or administrative officer upon public accounts. The demurrer goes further, and brings up the sufficiency of the reasons given by the first comptroller upon which he bases his action in disallowing the accounts now in suit. Some of the objections on which are based disallowances are of such a general character that it is difficult to consider them. But the objections to accounts from March 1 to April 30, and from May 1 to June 30, 1887, are more specific, and one of them is to all charges in excess of three folios for drawing complaints and oath thereto. This objection is also made to recognizances, certificate, and transcript of proceedings. Upon the hearing it was shown that the folios charged for were not in excess of, but were within, the number of folios actually employed in the complaints and proceedings objected to.

The question, then, is whether the commissioner has used unnecessary verbiage which ought not to have been employed, and was mere surplusage, to increase fees, or the contrary. It is evident, at a glance, that no very definite rule can be made on this subject, for the length of complaints, for instance, will depend upon the nature of the offense charged; and in a matter of this kind the court will not consider the smallest number of words that might be used in a given case, but only if there appears to be a surplusage of words used which can serve no useful purpose, and only add to the prolixity of the papers. Matters of this kind must come

properly under the notice of the district attorney, and when he examines the account, as in these cases he does, and does not find the papers, the forms for which in many cases were prepared under his direction, liable to this objection, the court will not be swift to say that the papers might have been condensed, and more brevity used. The prudent and careful administration of the criminal law does not admit of the application of an unbending rule of brevity on this subject, and, while possibly more brevity might have been sufficient in given cases, yet the court, in this case, does not find the papers obnoxious to the objection made.

The next objection is, charges for more than one case against the same party for violation of the same section of the Revised Statutes. When cases may properly be joined or not is a question of law, the decision of which more properly belongs to a court than to an accounting officer of the treasury; indeed, it could only be in a very extraordinary and manifest case of abuse in which an accounting officer would be justified in making any question at all in a matter of that kind. It is shown to the court that in the cases in question, the commissioner acted under the instructions of the district attorney for the Middle district of Alabama, and the warrants were directed by him to be issued; and, under these circumstances, the accounting officer is not in a position to disallow the fees of the commissioner on the ground stated.

The remaining objection is to the charge for acknowledgment of bonds. The comptroller's objection is two-fold,—that acknowledgment of bonds in criminal cases is unauthorized, and that one acknowledgment should answer for all of the recognizors to the same instrument. On the very face of the matter, if an offender is to be admitted to bail at all, there must be some acknowledgment of such bail. The statute in terms requires it, and section 847, Rev. St., fixes the fee at 25 cents, which is the amount charged. It seems equally clear that the bond must be acknowledged by the accused and each of his sureties; and the proof shows that the acknowledgments sued for herein have been separate, and not joint. *Vide* section 1014, Rev. St. U. S.; Desty, Fed. Proc. (6th Ed.) pp. 579–583, and cases cited; 1 Brick. Dig. Laws and Dec. Ala. "Bail in Criminal Cases," p. 207, §§ 125, 126, and cases cited; Brightly's Dig. Laws, p. 166, § 2; sections 627, 945, 5394, Rev. St. U. S.

Judgment will therefore be entered in favor of the plaintiff for the sum of $995.35, with interest from date, together with the costs to be taxed.